IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. PHILIPS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| SAMSUNG ELECTRONICS COMPANY, | ) |
| LTD. and SAMSUNG ELECTRONICS | ) **DEMAND FOR JURY TRIAL** |
| AMERICA INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

**Nature of the Action**

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, including 35 U.S.C. § 281.

**Subject Matter Jurisdiction**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the laws of the United States and because this civil action arises under an Act of Congress relating to patents.

**Parties**

3. Plaintiff U.S. Philips Corporation ("Philips") is a corporation organized and existing under the laws of Delaware, with a place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

4. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Korea") is a corporation organized and existing under the laws of the Republic of

Korea, having an office and principal place of business at Samsung Main Building, 250, Taepyun-ro 2-ka, Chung-ku, Seoul 100-742 Korea.

5. Upon information and belief, Defendant Samsung Electronics America Inc. ("Samsung USA") is a corporation organized and existing under the laws of New York, having an office and principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Korea and Samsung USA shall be referred to collectively as "Samsung."

## Factual Background

6. Upon information and belief, the CCITT Study Group VIII and the Joint Photographic Experts Group (JPEG) of ISO/IEC JTC 1/SC 29/WG 10 prepared an international technical standard, CCITT Recommendation T.81, which is entitled "Terminal Equipment and Protocols for Telematic Services: Information Technology-Digital Compression and Coding of Continuous-Tone Still Images-Requirements and Guidelines." This standard is hereinafter referred to in this Complaint as "the JPEG Standard."

7. Upon information and belief, specific procedures for the encoding of images are set forth in the JPEG Standard.

8. Upon information and belief, Samsung has made, used, sold, offered for sale, and imported image encoding hardware and software products within the United States, including but not limited to cellular telephones.

9. Upon information and belief, Samsung has made, used, sold, offered for sale, and imported image encoding hardware and software products within the United States that follow specific procedures for the encoding of images that are set forth in the JPEG Standard. These products are hereinafter referred to in this Complaint as "JPEG image encoding products."

10. Upon information and belief, the JPEG image encoding products or services of Samsung have been made, used, sold, offered for sale, and imported within the United States without any authority or license from Philips.

### **Personal Jurisdiction and Venue**

11. Upon information and belief, Samsung USA voluntarily placed JPEG image encoding products or services into the stream of United States commerce, conscious that Delaware, which is within this judicial district, was the likely destination of a substantial quantity of such products or services.

12. Upon information and belief, Samsung Korea voluntarily placed JPEG image encoding products or services into the stream of United States commerce, conscious that Delaware, which is within this judicial district, was the likely destination of a substantial quantity of such products or services.

13. Upon information and belief, a substantial part of the events giving rise to this claim for patent infringement occurred in Delaware and in this judicial district.

14. Upon information and belief, Samsung USA maintains or has maintained continuous and systematic contacts with Delaware and this judicial district.

15. Upon information and belief, Samsung Korea maintains or has maintained continuous and systematic contacts with Delaware and this judicial district.

16. Upon information and belief, Samsung USA is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of Delaware and this judicial district.

17. Upon information and belief, Samsung Korea is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of Delaware and this judicial district.

18. Upon information and belief, Samsung USA is subject to personal jurisdiction in this district because it has maintained continuous and systematic contacts with Delaware and this judicial district.

19. Upon information and belief, Samsung Korea is subject to personal jurisdiction in this district because it has maintained continuous and systematic contacts with Delaware and this judicial district.

20. Upon information and belief, Samsung USA resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this district.

21. Upon information and belief, Samsung Korea resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this district.

22. Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b).

### The Patent-in-Suit

23. United States Letters Patent No. 4,901,075 ("the '075 patent") issued on February 13, 1990, to Peter Vogel. A copy of the '075 patent, entitled "Method and Apparatus for Bit Rate Reduction," is attached hereto as Exhibit A.

24. U.S. Philips Corporation is the owner by assignment of the '075 patent.

### Claim for Infringement Against Samsung

25. Samsung had knowledge of the '075 patent before the filing of this lawsuit.

26. Samsung had notice of infringement of the '075 patent before the filing of this lawsuit.

{00332699;v1}

27. Upon information and belief, Samsung has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '075 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale, and importing JPEG image encoding products within the United States.

28. Upon information and belief, the infringing JPEG image encoding products of Samsung include but are not limited to cellular telephones such as the Samsung A437, Samsung A500, Samsung A600, Samsung A610, Samsung A620, Samsung A640, Samsung A670, Samsung A680, Samsung A700, Samsung A717, Samsung A727, Samsung A770, Samsung A790, Samsung A800, Samsung A840, Samsung A850, Samsung A880, Samsung A890, Samsung A920, Samsung A930, Samsung A940, Samsung A950, Samsung A970, Samsung A990, Samsung C417, Samsung D407, Samsung D410, Samsung D415, Samsung D807, Samsung E315, Samsung E316, Samsung E317, Samsung E335, Samsung E600, Samsung E635, Samsung E700, Samsung E715, Samsung I607, Samsung I760, Samsung M300, Samsung M500, Samsung M510, Samsung M610, Samsung M620, Samsung MM-A700, Samsung MM-A800, Samsung MM-A880, Samsung MM-A900, Samsung MM-A920, Samsung MM-A940, Samsung MM-A960, Samsung P107, Samsung P207, Samsung P730, Samsung P735, Samsung P777, Samsung PM-A740, Samsung PM-A840, Samsung T309, Samsung T319, Samsung T329, Samsung T409, Samsung T419, Samsung T429, Samsung T509, Samsung T519, Samsung T609, Samsung T619, Samsung T629, Samsung T709, Samsung T719, Samsung T729, Samsung T809, Samsung U340, Samsung U410, Samsung U540, Samsung U620, Samsung U740, Samsung V200, Samsung V205, Samsung V206, Samsung ZX10, and Samsung ZX20.

29. Upon information and belief, the infringement by Samsung has been deliberate and willful.

## Prayer for Relief

**WHEREFORE,** Philips respectfully requests that judgment be entered:

    A.    declaring that the Defendants have infringed the '075 patent;

    B.    declaring that the Defendants' infringement of the '075 patent has been deliberate and willful;

    C.    compensating Philips for all damages caused by the Defendants' infringement of the '075 patent;

    D.    enhancing Philips' damages up to three times their amount pursuant to 35 U.S.C. § 284;

    E.    granting Philips pre- and post-judgment interest on its damages, together with all costs and expenses;

    F.    granting Philips its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

    G.    awarding such other relief as this Court may deem just and proper.

## Demand For Jury Trial

Plaintiff respectfully requests a trial by jury on all claims so triable.

                                                  ASHBY & GEDDES

                                                  */s/ Steven J. Balick*

                                         Steven J. Balick (I.D. #2114)
                                         John G. Day (I.D. #2403)
                                         Tiffany Geyer Lydon (I.D. #3950)
                                         500 Delaware Avenue, 8th Floor
                                         P.O. Box 1150
                                         Wilmington, DE 19899
                                         (302) 654-1888
                                         sbalick@ashby-geddes.com
                                         jday@ashby-geddes.com
                                         tlydon@ashby-geddes.com

                                         *Attorneys for Plaintiff*
                                         *U.S. Philips Corporation*

*Of Counsel:*

Frank A. De Costa, III
Steven M. Anzalone
Matthew A. Levy
Joyce Craig
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000


Dated: September 17, 2009