IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-692 GMS |
| | ) | |
| SAMSUNG ELECTRONICS COMPANY, | ) | |
| LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

1.     On September 17, 2009, plaintiff U.S. Philips Corporations ("Philips") initiated the above-captioned action against defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc. ("Samsung"). (See D.I. 1.) On April 19, 2010, Samsung filed its answer and counterclaims against Philips. (D.I. 9.) On June 9, 2010, Philips filed a motion to dismiss several of Samsung's counterclaims and affirmative defenses as time-barred under the statute of limitations (D.I. 13) and a motion to strike Samsung's inequitable conduct defense as insufficiently pled (D.I. 15).   On July 9, 2010, Samsung filed its amended answer and counterclaims. (D.I. 18.) On July 23, 2010, Philips filed a renewed motion to dismiss (D.I. 19) and a motion to strike (D.I. 21) on grounds substantially the same as those asserted in their earlier motions. For the reasons that follow, the court will grant in part and deny in part Philips' motion to dismiss, and will deny Philips' motion to strike.

2.     The court will grant Philips' motion to dismiss Samsung's fraud and negligent misrepresentation counterclaims. In its original answer and counterclaim complaint, Samsung alleged that Philips engaged in fraud and negligent misrepresentation due to "its participation in

the development and approval of the JPEG Standard from 1984 to 1994, as well as Philips'

continued silence thereafter." (D.I. 9 at 44-46.) Samsung alleged that as a result of Philips'

conduct, "Samsung has incurred damages and will continue to be damaged in the future." (Id. at

46-48.) Philips moved to dismiss these counterclaims on the grounds that they were time-barred

under the statute of limitations. (D.I. 13.) Samsung then amended these fraud and negligent

misrepresentation counterclaims to state that the alleged damages consist of "litigation expenses

incurred in connection with defending this action." (D.I. 18 at 48, 50.) Philips then renewed its

motion to dismiss these counterclaims as time-barred. (See D.I. 20.) In its answering brief

opposing this motion, Samsung argued that since its only asserted damages were litigation

expenses arising out of Philips initiating the above-captioned action, its damages did not accrue

until Philips filed suit against it in 2009. (See D.I. 23 at 9-15.)

    3.    The court will grant Philips' motion to dismiss the fraud and negligent

misrepresentation counterclaims, and will dismiss those claims with prejudice.[1] It agrees that

these counterclaims are, in essence, an attempt to circumvent the ordinary rules requiring

governing the awarding of attorney's fees, costs, and other litigation expenses. For example, 35

U.S.C. § 285 requires a showing of "exceptional circumstances." Samsung cites no case in

---

[1] This dismissal is with prejudice because the facts alleged in the counterclaim complaint make it clear that these claims are trapped in a Catch-22: If Samsung alleges general damages arising from Philips' conduct during the negotiations, as it did in its original counterclaim complaint, the fraud and misrepresentation claims would be barred by the three-year statute of limitations. On the other hand, if Samsung limits its damages to litigation expenses in an attempt to avoid the statute of limitations, as it has in its amended complaint, the claims would be barred as a premature, back-door effort to obtain attorney's fees and costs, the awarding of which is governed by statutes and regulations including 35 U.S.C. § 285, Fed. R. Civ. P. 54, and this court's local rules. Thus, regardless of what damages are alleged, a claim for fraud or misrepresentation arising out of the underlying facts asserted in Samsung's counterclaim complaint would inevitably fail.

which a court permitted a party to proceed with otherwise time-barred fraud and misrepresentation claims by limiting its asserted damages claims solely to "litigation expenses" arising from the filing of suit. If Samsung is ultimately the prevailing party in this matter, it may move for an award of attorney's fees and other litigation expenses pursuant to § 285, and may use the underlying facts alleged in its counterclaim complaint to support its motion. It cannot, however, circumvent the usual rules governing litigation expenses by recasting those expenses as the sole basis for damages in its fraud and negligent misrepresentation counterclaims.

      4.    The court will deny, however, Philips' motion to the extent that it seeks to strike or dismiss Samsung's affirmative defenses.[2] Neither party disputes the well-established rule that affirmative defenses are not ordinarily subject to the statute of limitations so long as they are properly pled and arise from the same transaction as the claims in the original complaint. *See, e.g.*, *Delaware Chems., Inc. v. Reichhold Chems., Inc.*, 121 A.2d 913, 918 (Del. Ch. 1956); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 163-64 (2d Cir. 2003) (*citing United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 72 (1956)). The court is satisfied that the affirmative defenses in question are properly pled and that the alleged facts, if true, are part of the same transaction as the facts alleged in Philips' complaint. At this early stage in the proceedings, the court is not prepared to dismiss these defenses or conclude that they are inextricably intertwined with Samsung's now-dismissed fraud and misrepresentation counterclaims simply because they share many of the same underlying facts as those counterclaims.

---

[2] Specifically, Philips moves the court to strike Samsung's affirmative defenses of fraud, negligent misrepresentation, equitable estoppels, unclean hands, and implied license.

5.    The court will also deny Philips' motion to strike Samsung's inequitable conduct counterclaims as insufficient.   The alleged facts underlying Samsung's inequitable conduct allegations are, on their face, more than sufficient to satisfy the requirements of both Rule 9(b) and the Federal Circuit's ruling in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).  At this early stage in the proceedings, the court will not, as Philips' motion implicitly requests, rule on whether specific documents are prior art or otherwise make determinations as to the materiality or relevance of particular documents.

Therefore, IT IS HEREBY ORDERED THAT:

1)  Philips' Motion to Dismiss Certain Counterclaims and Strike Certain Defenses in Samsung's First Amended Answer as Time-Barred Under the Statute of Limitations (D.I. 19) is GRANTED IN PART AND DENIED IN PART.

2)  Philips' Motion to Strike Samsung's Amended Inequitable Conduct Defenses as Insufficient (D.I. 21) is DENIED.

Dated: March 25, 2011

CHIEF, UNITED STATES DISTRICT JUDGE